The Court welcomes Judge Fletcher and resumes its session with the case of, oh, dear. You'll have to help me with the pronunciation, Rognirhar v. Grannis. And we apologize for the delay. Thank you, Your Honor. And may it please the Court. Michael Murray for Plaintiff Appellant Strider Rognirhar. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. There are two issues in this case, the merits and mootness. I'd like to start with mootness. This case is not moot because it is black-letter law that the voluntary cessation of a challenged practice does not make a case. Accordingly, the Supreme Court and this Court have repeatedly reached the merits of cases involving the repeal or amendment of a law. Well, wait. If they had – if the regulation were actually enacted after – now, as I understand it, the state of it is that it has been proposed, formally proposed, and is in Administrative Procedure Act-like proceedings, right? But suppose it was done. Would that be good enough? No, Your Honor. For the same reason that that wasn't good enough in the city of Mesquite, city of Jacksonville, coral construction, gluth, long-stretching, countless other cases. The question is whether it's absolutely clear that the wrongful behavior will or will not recur. And in this case, that's not the case because of two – particularly two facts. First, the State's inability to prevent wrongful behavior in the past despite promising to do so. And second, the vagueness of the new policy. To go into more detail on each of those. Can I ask one question first? Yes, Your Honor. For how long – what is your client's prison term? Nothing seemed to say that. How long is he in prison for? He's serving a life term, Your Honor. Okay. To go into more detail on those two points, this Court has held in Gluth v. Kangas when the State – that when the State has a history of promising to comply with the law to avoid a challenge practice or wrongful behavior, but then fails to do so, that that's an issue that should be considered in the mootness inquiry. And in Gluth, this Court held that that history was enough so that the case was not moot. And in this case, we have a similar situation, especially when one considers the entire context of the RLUIPA issue involving the grooming policy in this circuit. In War Soldier v. Woodford, this Court held that the prescribed head hair maximum likely violated RLUIPA. The State then settled with the War Soldier subsequent to that case, promising to avoid wrongful behavior in the future. But then it narrowly construed that settlement, enacting a prescribed maximum facial hair restriction, which was particularly odd in light of the district court's decision in Mayweather v. Chief Terhune. Yeah, but here we've got a proposed regulation. My question – maybe this is better directed to the State, but you might know the answer. When does this proposed regulation take effect? I don't know, Your Honor. My understanding is right now that it's in the notice and comment stage under the California system. I mean, it seems to me that it's not moot until it takes effect. If the regulation were in effect, would you still be making the mootness argument? Because we're no longer talking about vague settlement. We're talking about a regulation. Yes, Your Honor, for the same reason that the courts in those other cases that I was mentioning. But here the regulation is very clear. It says no length, no prescribed length of facial hair. So there's no ambiguity to exploit by the State. And in order for your argument to be right that they would nonetheless persist in illegal behavior, as you contend illegal behavior, they would be required to simply ignore the clear language of their own very own regulation. Do we have a history of the prison system doing that? I don't think it's necessarily the case that there's no wiggle room in this proposed regulation, assuming that it goes through, Your Honor. Justice in Longstreth v. Maynard, which is a Tenth Circuit case, there is a standard that's present in the regulation, and that's the NEET requirement. So just to give a little bit more detail on Longstreth v. Maynard, in that case, a State prison had a history of problematic access to a law library. Then it enacted a policy promising reasonable access. And the Tenth Circuit held, well, that doesn't moot the case because it's not clear how that policy will be applied. And there's wiggle room in that policy. The same is true here. The proposed regulation, assuming that it goes through, states that beards are allowed as long as they're neatly styled. And that, just as in Longstreth, is a vague standard, and it's subject to some problems. And, of course, in this case, where the burden is on the State to show that the case is moot, to make it absolutely clear that wrongful behavior will not recur, it's not the case that the State can make that burden. What — is it also true that — and I'm wondering what the relevance of this is for a mootness ruling — that the case was dismissed as frivolous, which has consequences for your client in addition to, i.e., PRL-8 consequences? Now, if it were moot, otherwise, would we still have to vacate that? Yes, Your Honor. I think at the minimum, if this Court were to decide that the case were moot, I think the State and I agree that the minimum remedy here is vacature of the judgment below so that the — that judgment does not have lasting effects. I think that's what the NASD dispute resolution case stands for, that if a case becomes moot on appeal, then the proper remedy is to vacate that judgment. And finally, on the mootness question, then you can get to the merits, what — I've been curious about why the State apparently entered into an agree — a settlement with another defendant on exactly this issue. What if they were to — have you talked about entering into a similar settlement for your client? No, Your Honor. There has been no such discussion. And I think that that might be something that happens for this Court to allow this case to go forward, but of course, that has not happened at this time. One of the problems with the settlement in the other case, and one reason why that doesn't moot this case, is because Ragnarar really has no enforceable rights with respect to that settlement. Of course he doesn't, but if he had his own agreement, then he would. That's certainly correct, Your Honor. If Ragnarar were to eventually settle with the State or to settle with the State, he would then have legally enforceable rights and would then likely be a prevailing party as well, which would solve the cost issue, which I think is another aspect of this case that should factor into the balancing test regarding mootness. Now, if the regulation isn't in effect, it seems to me if the regulation is not yet in effect and if we issue our decision soon, I mean, it's not moot, because who knows if it's going to actually go into effect likely and so on. So a quick mem dispo reversing on the merits probably does the trick for you then. Yes. It's certainly true that before the regulation is promulgated, that the case is not moot for the reasons that you mentioned, Judge Fletcher. If there are no further questions on mootness, I'd like to turn briefly to the merits in the time that I have remaining. Ragnarar states a claim with respect to RLUIPA and the district court erred in dismissing his complaint as frivolous in that respect. But this was a complaint, sir? No, Your Honor. It was a pre-service dismissal under the PLRA. But in light of this Court's decision of Moore Soldier v. Woodford, he states a claim. In that case, the Court held that maximum head hair policy likely violated RLUIPA. Facial hair policy is indistinguishable or largely indistinguishable for those purposes. I see that my time is running down. I'd like to reserve the rest of it for rebuttal with the Court's permission. All right. Thank you. You may. May it please the Court, William Frank, counsel for Appellee Defendant Secretary Cate. There are at least three reasons why this Court should dismiss Ragnarar's appeal with vacator. First, the CDCR ---- With vacator meaning vacating the decision below. Yes, Your Honor. The proper procedural posture of this case, when there's been a unilateral action by the prevailing party below, and although Secretary Cate was never served with a complaint or had opportunity to object or present defenses, for all practical purposes, for vacator, he did prevail below when the complaint was dismissed. The proper procedural posture here would be for the Court to vacate the judgment, remand to the district court with a direction to enter a loophole. But there is no ---- this man is in prison for life, and there is no regulation that says that he, for a life, is going to be able to have his beard. So why is it Moore? Let me address that, Your Honor. First off, with respect to the current enforcement, there is a June 24, 2011 CDCR But that's not the question, because he's in prison for life. Okay. He's serving 15 to life, Your Honor. Okay. 15 to life. Okay. And with respect to the ---- When is the 15 up? Pardon? When is the 15? The 15, I believe, was up in February 2007, which I think was the impetus for his transfer back to the State of California. But with respect to the status of rulemaking, the public comment period expired at the end of October. There was one public comment. There was not a public comment submitted by the ACLU or the C Coalition or the U.S. Department of Justice who were representing or intervening on behalf of the inmate in Basra v. Kate. The sole comment had to do with the neatness and cleanliness requirement with respect to how to perform that with getting certain kinds of combs in the segregated housing unit. I believe on November 7th, the regulations were submitted to the Office of Administrative Law. They have 30 days to file those regulations with the Secretary of State, 30 working days. And that would be approximately December 21st. And then 30 days after that date, they become effective. And the consequence of all this is, first of all, that if you – I mean, A, there is no regulation, but B, at this moment. So maybe it will be moot in two months, but it's not moot now, it seems to me. And then there's his argument that even in two months it won't be moot because it's the – you can always redo the regulation. Let me answer both those questions, Your Honor. First off, with respect to the burden of showing it's absolutely clear that the alleged misbehavior will not reoccur. And the Fifth Circuit in Sausman v. Texas found a lighter burden for prison officials, government actors, acting in their official capacity, that their actions should be afforded a good-faith presumption absent evidence to the contrary. And here, there is no evidence absent to the contrary. Well, couldn't you enter into an agreement with the Arab – Rognau? Yes, Rognau, just like the other one, and then you wouldn't have a problem. But you don't have such an agreement. Well, Your Honor, back in July, when I was provided a copy of the memorandum by the CDCR, I did e-mail opposing counsel to see if he had any questions regarding the agreement, and I never received a reply back. Well, the questions regarding the agreement is not an offer to enter into an agreement. No, no, Your Honor, but it was an invitation to a discussion that was ignored. And at this point, since that date, Secretary Cate has had to expend more resources to respond to the mootness argument. And at this point, that's why the Cater, which is an equitable revenue – Respond to it. You brought it up. Well, with respect to the mootness argument, Your Honor, following the directions in the notice for a hearing set for argument, we contacted the clerk of the court by phone, and we sent over a letter suggesting that the case is moot. At that point, that's when we also contacted opposing counsel to see if there was a discussion that needed to be had. At that point, opposing counsel moved for leave to file a supplemental briefing that the case was not moot. And looking back at the Saussman v. Texas court, that court didn't require a physical or logistical impossibility for a – the case to be considered moot. And this Court, in Students for Conservative America v. Greenwood, has found that repealing a law or a regulation and submitting a memorandum committing not to do – to reenact it in the future is sufficient to render a case moot. Well, first of all, you don't have the second, right? I'm sorry, Your Honor. You don't have the second, i.e., a promise not to reenact it in the future. Correct, Your Honor. And you don't have the first either because you don't have a regulation. With respect, but there is – to require a logistical or a physical impossibility for government officials under these circumstances would not be it. Well, counsel, you want us to say that it's moot because of an agreement that was reached in another case that's going to result in the policy being changed, essentially. Is that what you're saying? And that agreement is subject to enforcement by a United States district judge. Right. Okay. Now, if we disagree with you that that moots his case, don't we, by virtue of the very existence of an agreement in a similar case, have to vacate the district court's holding that this is a frivolous complaint? Correct, Your Honor. Yes. We agree. We're urging that the Court vacate the judgment below, remand with the direction to enter dismissal by reason of mootness. And if the – And if we don't agree that it is moot, or if we simply vacate it for the district court for further proceedings so that the district court can determine the whatever, whether – can know whether or not that other agreement is ever going to go into effect and what effect it might have on this Petitioner, wouldn't we – wouldn't we, in effect, be saying that the complaint states a claim? Well, Your Honor, at this point, if the case is not moot, it is not right, because there is no credible or genuine threat of prosecution. What I'm saying is suppose that we do not agree with you that we're in a position to hold that, and we send it back to the district court. With respect to the Raluppa claim or the First Amendment claim, or both? Or both. Okay. Well, with respect to the First Amendment claim, the holdings of this Court that are still intact clearly foreclose stating a claim under the First Amendment. With respect to Raluppa, with Sausman v. Texas, both in the Fifth Circuit with individual capacity, as well as the Supreme Court review of the case with respect to official capacity and damages, the defendants that are being sued in their individual capacity, those claims are foreclosed as well. Why are they foreclosed by? We don't have a Ninth Circuit case in individual capacity, do we? We have a footnote saying we haven't decided it. Right, Your Honor. But it would suggest if you were to follow or find persuasive the Sausman v. Texas court and the courts in this circuit. If it doesn't make it moot, it just means we have a merits issue. I'm sorry, Your Honor. If it doesn't make it moot, it just means we have a merits issue. Yeah. Right. I wasn't suggesting it was moot for that reason. I was suggesting that there's the claim could not be stated for that reason. But I think the crux of the whole issue comes down to, if I understand your question, Judge Schroeder, is, is there a Raluppa claim with respect to the official capacity against Secretary Kate? Yeah. Where Rodney Harsh states a claim. Yeah. Yeah. And that's not an issue that we – that the State briefed below? Right. So there are going to have to be further proceedings on that. You may win, but you haven't. Correct, Your Honor. Yeah. With respect to the cases that opposing counsel has cited with the burden, making absolutely clear, primarily those cases involved where the defendants did not prevail below, but in this case, Secretary Kate, for all practical purposes, has prevailed below. And the vacator is an equitable remedy, and awarding costs in this case would ignore the procedural posture in this case, which is that it's a dismissal from a screening order. So to litigate costs fairly would require this Court to remand to the district court to consume resources and for the parties to litigate what is otherwise a mooted matter. What kind of costs are we talking about? Costs on appeal or costs in the district court? If we were to remand, it's still going to final judgment. So you can't – we're not in a position to award costs on anything except costs on appeal. Correct, Your Honor. Right? Right. And that's why we're suggesting the proper procedure, posture of this case, is the cater to the extent the Court is concerned about preserving the rights of the parties to relitigate the issue in the future if it indeed became necessary. But there is nothing happening, or there's nothing that the district court could do as far as injunctive relief for Ragnahar in this case that is not already being done in Basra v. Kate. Let me – let me come back to it. I think – I mean, I have trouble understanding why we're here with all of this briefing and so on. In a sense, the case wasn't – the claim wasn't frivolous. It seems to me the case isn't moot. It seems to me he's entitled to costs on appeal. What is there to talk about? Well, with respect to costs on appeal – Which is a trivial amount of money to you, maybe not to him. Correct, Your Honor. Trivial amount of money. But looking at the procedural posture, here's a case where Secretary Kate's never been served, never had an opportunity to appear in the district court. But you did appear here. He appeared here at the invitation of the court. To either appear amicus or in his official capacity. How much money are we talking about, costs on appeal? I'm going to assume it's whatever portion of the filing fee that he has prepaid. And it's a minor other amount of money. Spending a lot more money to send you here than to pay costs on appeal. That is why I sent an e-mail back in July saying this settlement appears to moot the matter. Do we have questions? Do we need to talk? That's a very strange way to say to somebody that we would enter into a similar agreement with you. You didn't say that. Well, you're presupposing that we would enter into a settlement agreement or not. I think the prudent course in practice would be to present the settlement agreement as we did. Shouldn't this all be done by the district court? With respect to? To determining whether you to determine whether the merits or for you to offer a settlement agreement, but the in the district court, not here. I would agree, Your Honor, that there's very little for this Court to do other than enter an order of vacator. With respect to. Can I ask a question? Do you, if we decide the case wasn't moot, you made a bunch of arguments in your brief about why he didn't have standing and so on. Do you stand by those or can we forget about them? One more time, Your Honor. You, in your brief, made arguments on assuming the case, before you thought the case was moot. Sure. In which you argued that he didn't have standing because he had come from, because he had, when he came from Nebraska, he took off his beard, and similar sorts of arguments. Are you still propounding those arguments? No. Well, I'm not conceding those arguments, but I think it's a better argument today that there is no genuine threat of enforcement of this regulation. But ripeness determines, is determined at the time the case is filed, no? Pardon? Isn't ripeness determined at when the case is filed? No, no, no. Ripeness needs to be present. That's my understanding. I'm sorry, Your Honor. Yes, ripeness needs to be present and is considered at the time that the case is filed. But the case is no longer ripe. It needs to, there needs to be a. That's just a repetition of the mootness argument. Okay. I see my time's expired. Thank you, Your Honor. Okay. Your Honor, if I may please the Court, I'd like to just make a few quick points on rebuttal. The first is that I think we, it needs to be clear that the mootness issue is separate from the ripeness issue such that, as Judge Berzon suggested, a party cannot moot a case or cannot make a case unripe simply by doing something that normally might moot a case. The second issue that I'd like to just discuss briefly is that the Basra settlement doesn't afford Raghnawar relief in this case because he doesn't have any right to enforce that issue. The third point that I'd like to make briefly also is that it's unclear whether a settlement might be viable in this case in light of the State's representations and its supplemental brief if the case continues to be frivolous. So it's not unclear how that would go at this point. And finally, if this Court were to decide that the case were moot and were to just vacate the judgment of the district court, the case should not be dismissed, but rather the instructions should also be, the district court should also be instructed to allow Raghnawar relief to amend, to add other claims, or to specify his claims in more detail because of the issues that this Court has pointed out have not been addressed in published opinions in the Ninth Circuit, namely the case issues involving damages and other types of relief at Raghnawar. Well, he'll have the point. Doesn't he have the opportunity to do that in any event since it was dismissed? It depends on the mandate of this Court, Your Honor. If the judgment of the district court were solely vacated with instructions for the Court to dismiss the case, then it would be different. Right, yeah. But if you understand the current complaint, which asks for something like the costs of prosecuting this action, you don't understand that to be a damages allegation at all. It's unclear, Your Honor. I think a pro se complaint needs to be read fairly liberally even after Iqbal. But at the very least, if Raghnawar seeks to amend his complaint, he can clarify that on remand. And also, you don't you would agree or would you agree that we ought not to reach the merits of the Valupa question because the district court, essentially the defendants were never served and never had a chance to appear with regard to it? Yes, Your Honor. I think that the court needs to decide that the needs to reach the merits insofar as it has to decide that the issue is not frivolous, and thus it needs to reach the merits of the case. But then at this stage, which is before the motion to dismiss, the district court in the first instance needs to address the full panoply of merits issues in this case. For all these reasons, this Court should reverse and remand further proceedings. Thank you. Thank you. The matter just argued is submitted for decision. And that concludes the Court's calendar for this morning. The Court stands adjourned. All rise. The Court of Procedure stands adjourned.
judges: Schroeder, Fletcher, Berzon